IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHARLES LEVERETTE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 1:10-cv-162 (CDL) |
| | : | |
| STATE OF GEORGIA and | : | |
| W. LOUIS SANDS, | : | |
| | : | |
| Defendants. | : | |

## **RECOMMENDATION OF DISMISSAL**

Plaintiff, Mr. Charles Leverette, filed this action on November 26, 2010, and subsequently paid the requisite filing fee. On March 3, 2011, the Court issued an Order (ECF No. 9) explaining that the Plaintiff's Complaint failed to comply with the pleading requirements of Federal Rules of Civil Procedure Rule 8, and ordering Plaintiff to file an amended complaint. Specifically, the Court ordered Plaintiff to file a complaint which "'contain[s] (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]'" (Order 1-2, March 3, 2011 (quoting Fed. R. Civ. P. 8(a)).)

On March 17, 2011, Plaintiff responded by filing an untitled document which states in full:

> Now come, United States District Court, now S/Stephen Hyles United States Magistrate Judge. W. Louis Sands denied my federal proscuter [sic] and denied my federal law that provides severe civil and criminal investigated FBI and I sure have not been denied now Charles Leverette and the Leverette family's or put in or wrongful civil lawsuit damage on State of Georgia and W. Louis Sands and racial discrimination abuse and still want my United States Constitution rights.
> State of Georgia v. Charles Leverette U.S.C. § 636(b)(8)(636)111814-1914-12
> W. Louis Sands v. Charles Leverette 28 U.S.C. § 636(b)(8)(636)111815-1915-12 and local rule seventy-two. And put in a motion for a Civil Right Act of 1964.

(ECF No. 10.) This pleading, like Plaintiff's initial Complaint, fails to contain the basis for the Court's jurisdiction, the substance of his claims, or an ascertainable basis for relief. Plaintiff has again failed to present his claims in a manner that has enabled the Court and the defendants to know the jurisdictional basis for his claims and the substance of the claims being asserted. Plaintiff has therefore failed to comply with the Court's March 3, 2011 Order, and his case should be dismissed.

Additionally, pursuant to Federal Rules of Civil Procedure Rule 12(h)(3), the court "must dismiss the action" if at any time it determines that it lacks jurisdiction. From the face of Plaintiff's Complaint and Amended Complaint, it is clear that this Court lacks jurisdiction. Plaintiff has not alleged—or presented any facts which could be liberally construed to establish—diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. Consequently, Plaintiff's complaint must be dismissed pursuant to Rule 12(h)(3).

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** for Plaintiff's failure to comply with the Court's March 3 Order and for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(h)(3). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 21st day of March, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE